## LAWS *et al. v.* THE STATE.

The evidence in this case being entirely circumstantial, and not sufficiently strong to establish beyond a reasonable doubt the guilt of the accused, or to exclude every reasonable hypothesis except that the defendants committed the crime with which they were charged, the trial judge erred in not granting a new trial on the ground that the verdict was not supported by the evidence.

Argued October 7, —Decided November 5, 1901.

Indictment for murder.    Before Judge Reagan.    Henry superior court.    April term, 1901.

. *Searcy & Boyd* and *E. M. Smith,* for plaintiffs in error.
. *J. M. Terrell, attorney-general,* and *O. H. B. Bloodworth, solicitor-general,* contra.

LITTLE, J.    Dick Laws and Ben Laws, together with one Bill Young, were by the grand jury of Henry county indicted for the murder of Jack Gray, at a term of that court previous to that at which they were tried and convicted.    Bill Young theretofore had been put on trial separately from Dick and Ben Laws, and was convicted.    He made a motion for a new trial, which having been overruled, he sued out a bill of exceptions assigning as error on the part of the trial judge the overruling of the same. ' His case was heard in this court at the October term, 1900 (see 112 *Ga.* 765), and the judgment of the court below was affirmed.    The evidence was entirely circumstantial, but on a close and careful examination of the record in that case this court was of the opinion that the evidence contained therein was sufficient to sustain the verdict and to exclude every reasonable hypothesis but that Young, in connection with others, killed the deceased, and that the offense was murder. It was the theory of the State in that case, as well as in the case at bar, that Young, together with the plaintiffs in error, and perhaps others, were engaged with the deceased in playing cards during the night in which the killing took place, in the woods, not far distant from the railroad-track; that they there got into an altercation, when Gray was killed and his body carried from the woods

to a point on the railroad-track, and left there, for the purpose of inducing the belief that he was killed by a passing train. The evi-. dence in the case of Young, as well as in this case, was sufficient to authorize the jury to find that Gray was killed and his body was disposed of in the manner indicated. It clearly showed that a number of persons were gaming at the point indicated, the night Gray was killed; and Young and these plaintiffs in error were seen in company with the deceased, going in the direction of the woods in the early part of the night. While these circumstances alone were not sufficient to support a verdict finding Young guilty, as charged, evidence of other facts appeared on his trial, which, as we think, placed his guilt beyond a reasonable doubt. It was shown that four persons entered these woods together, that there was an altercation there, that three persons came out from the woods going in the direction of the railroad-track, that the relative position of their tracks indicated that these three persons were jointly carrying some heavy burden; they indicated also that two persons were walking in the same direction, two or three feet apart opposite each other, and that one was on a line between these two, either in front or in the rear; and while these tracks were not traced to the point where the body was found, they were directly traced to the public road adjacent to the railroad, and within a short distance from where it was found. They could not be traced further, because of the character of the ground. It was further proved by persons on trains which passed during the night, and who were in position to know, that no object was struck by the locomotive or cars passing the place where the body was found; and, from the character of the wounds on the body of the deceased, the jury were fully authorized to determine that the deceased had not been killed by a passing train, but that he was killed in the woods, and his body placed on or near the railroad-track. This fact having been established, it was then satisfactorily shown that the tracks of one of the persons who came from the woods and, inferentially, bore a burden were made by Young. The proof that Young was one of these persons was perhaps as well established as such fact could have been by this character of evidence. In addition to these facts, a reflecting lamp belonging to Young, which he took from his place when the party left town to go to the woods, was found near where the altercation appeared to have taken place, thus almost conclusively

showing his presence. In addition to these circumstances, it was also shown that Young was absent from his home all night; that he came in quite early, drunk; that he had a pack of cards, and attempted to burn them; that he was very much excited, and expressed a fear that he was going to be mobbed, and used to different persons language which indicated that he was in trouble brought on by some act of his, for which he feared punishment, or rather that he might be summarily dealt with. These, and other circumstances not named, were sufficient, in our judgment, to indicate Young's guilt in connection with others.

The plaintiffs in error were tried under the same indictment, and found guilty; and their motion for a new trial having been overruled, they are here asking for a reversal of that judgment. The evidence against them is sufficient to raise a suspicion of their guilt, but is not sufficiently strong to exclude the hypothesis of their innocence. Undoubtedly they were, sometime during the night, at the place where the gaming was going on. This fact they did not deny. But the circumstances are not sufficient to clearly raise the inference that they, or either of them, assisted in carrying the body from the woods. It is true that the tracks going out of the woods, other than Young's, were of a size approximating those of the two defendants, but the evidence does not at all clearly show that the tracks were made by them, nor that they could not have been made by many other persons in the community. They insisted that, while they were near the place where, in all human probability, the deceased was killed, neither were they participating in the game, nor was there any altercation while they were there; but that they left the party engaged in a game, in a different direction, and passed through the woods at a different point from those who were engaged with Young in carrying the body to the railroad; and evidence was introduced showing the tracks of two persons leaving the woods at the point indicated by them. So that, if this conviction is allowed to stand, it can be supported only by the facts that the accused and others were with the deceased the night before he was killed, and that with him and others they went to the place where the parties were gaming and remained there for some time. While these and perhaps other facts which were shown on the trial were sufficient to raise the suspicion that the plaintiffs in error were in some way implicated, they are not sufficient, in our

· judgment, to sustain a finding that they participated in the homicide. The presumption would naturally arise that the persons who carried the body to the railroad-track were those properly chargeable with the homicide, and the evidence does not satisfactorily show that either of these plaintiffs in error was in that party; nor did any other fact pointing with reasonable certainty to the guilt of either of them appear in the evidence. Facts and incidents which appeared in Young's case, and pointed directly to his guilt, were entirely absent in the case of these defendants. And as no additional facts were adduced which connected them with the crime and pointed to their guilty participation in the homicide, it is our judgment that the trial judge should have ordered a new trial on that ground of the motion which sets out that the verdict was without sufficient evidence to support it.

*Judgment reversed. All the Justices concurring.*